UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND

I.
Proceedings

On October 22, 2014, Joshua B. Shapiro ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Docket No. 1.) Because Plaintiff is proceeding in forma pauperis, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons set forth below, Plaintiff is ordered to show cause why his Complaint should not be dismissed without leave to amend, with prejudice as to Plaintiff's federal constitutional claims and without prejudice as to Plaintiff's claims under state law.

II.
Discussion

A.   **Summary of Plaintiff's Allegations.**

Plaintiff's Complaint alleges federal and state law claims against Willowbrook Home LLC ("Willowbrook"), Uncle Dave's Housing, David Wohlman ("Wohlman"), Felicia Barbara Edelman ("Edelman"), Frank, Tom, and Los Angeles County Deputy Sheriffs Nowotny and Mejia (collectively,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

"Defendants"). (See Complaint at 1-4). Plaintiff's claims arise from an alleged eviction from an illegal boarding house in which Plaintiff claims to have been renting a unit (a room) from Defendants Willowbrook, Uncle Dave's Housing, Wohlman, Edelman, Frank, and Tom (the "premises"). The gist of the Complaint is that, on December 13, 2011, Plaintiff entered into an oral rental agreement with Uncle Dave's Housing to live at the premises, which are owned by Willowbrook, and satisfied rent payment covering the period from December 13, 2011, to January 13, 2012. (Complaint at 11-12.) Thereafter, Plaintiff complained to various county agencies concerning violations of state county and/or municipal laws occurring at the premises, including inter alia the "establish[ment] [of a boarding house] without an approved conditional use permit from [the Los Angeles County Department of Regional Planning]." (Complaint at 14-16.) On January 8, 2012, Plaintiff absented himself from the premises in the morning hours, and returned to find all of his property had been confiscated by Defendants Willowbrook, Uncle Dave's Housing, Edelman, Wohlman, Frank, and Tom. (Complaint at 18.) Moreover, Defendants Tom and Frank confronted Plaintiff and told him he needed to vacate the premises immediately. (Complaint at 18.) Plaintiff refused to vacate the premises. Defendants Los Angeles County Deputy Sheriffs Nowotny and Mejia "responded to a call" and were "instructed" by Defendants Wohlman, Edelman, Frank, and Tom, to remove Plaintiff from the premises. (Complaint at 19.) Plaintiff told Defendants Nowotny and Mejia that he could not be evicted without Defendants Willowbrook, Uncle Dave's Housing, Wohlman, Edelman, Frank, and/or Tom "taking him to court and evicting him by a valid writ of execution, i.e., unlawful detainer action." (Complaint at 20.) Defendants Nowotny and Mejia told Plaintiff he had no lawful right of possession or occupancy in the premises, and "forced [him] . . . to vacate or be placed under arrest for trespassing." (Complaint at 20.) Defendants Nowotny and Mejia told Plaintiff "he would go straight to jail if he did not vacate the property immediately." (Complaint at 20.) Plaintiff complained to Defendants Nowotny and Mejia that all his personal property was missing. (Complaint at 20.) Defendants Wohlman and Edelman explained that "they instructed defendant[s] Frank and Tom to store [said property in a storage garage] and lock it up until the Plaintiff was off the property." (Complaint at 20.) "Plaintiff was forced by defendant deputies Nowotny and Mejia to just grab what he could[.]" (Complaint at 20.) Defendant Frank handed Plaintiff two black garbage bags containing some but not all of Plaintiff's personal property. (Complaint at 21.) Plaintiff complained to Defendants Tom, Frank, Wohlman, and Edelman because not all of his property was in the black garbage bag. Defendant Wohlman responded, "fuck off, and [you] are not going to get it back", while Defendant Edelman stood by and "supported defendant Wohlman's remarks." (Complaint at 21-22.) When Plaintiff exited the premises, Defendant Wohlman approached Plaintiff with a pair of nail clippers belonging to Plaintiff and twisted the nail clippers and threw them in the dirt, saying "we're all friends with all the judges and legal professionals . . . good luck trying to sue us you little shit." (Complaint at 22.) On January 19, 2012, the Los Angeles County Department of Regional Planning issued a Notice of Violation indicating that an inspection of the premises disclosed the following violation: "A boarding house has been established without an approved conditional use permit from Regional Planning[.]" (Complaint at 16, Exh. D.)

Plaintiff alleges that Defendants violated Plaintiff's rights to procedural due process under the Fourteenth Amendment (Complaint at 22-35), conspired to violate Plaintiff's constitutional rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

(Complaint at 36-38), and violated state law (Complaint at 39-126). Plaintiff seeks compensatory and punitive damages. (Complaint at 127-28.)

**B.    Legal Standard.**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

Panahi, 839 F.2d at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

**C.      Analysis.**

**1.      Plaintiff's Procedural Due Process Claims Are Subject To Dismissal For Failure To State A Claim.**

**i.      Wrongful Eviction.**

Plaintiff essentially claims that his procedural due process rights were violated when he was the victim of an extrajudicial eviction from the premises by Defendants.[1]  (See Complaint at 22-29.)  Specifically, Plaintiff alleges that

> he was a tenant at the [premises] who was unlawfully evicted on January 8, 2012 by defendant deputies[] Nowotny and Mejia based on the false belief that the property was a boarding house and did not require a valid [writ] of execution by a court to enforce the eviction of the Plaintiff.

(Complaint at 24) (bold omitted).  According to Plaintiff,

> [u]pon a verbal warning by defendant deputies Nowotny and Mejia that the Plaintiff would be subject to criminal prosecution for trespassing if he did not vacate the property immediately, the Plaintiff acquiesced and gathered what personal property of his he could in the limited time defendant deputies Nowotny and Mejia gave him.

---

[1] It is unclear whether Plaintiff brings his procedural due process claim for wrongful eviction against Defendants Nowotny and Mejia only or against all Defendants.  (Compare Complaint at 22 (summarizing his claim as one for the "deprivation of the Plaintiff's civil and constitutional rights pursuant to[] 42 U.S.C. § 1983 for defendant Sheriff Deputies Nowotny and Mejia['s] actions in expediting the eviction of the Plaintiff") with id. at 24 (stating that "[Plaintiff] was denied procedural due process under the Fourteenth Amendment to the U.S. Constitution when the owner, landlords, and their agents, with deputies aid, used self-help to evict him without providing proper notice and a prior judicial hearing before . . . expedit[ing] the eviction of the Plaintiff from the property").)

Case 8:13-cv-01478-JAK-JEM   Document 14   Filed 05/21/14   Page 5 of 9   Page ID #:431

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

(Complaint at 24-25.)  Plaintiff further states that "Defendant deputies[] Nowotny and Mejia expedited the eviction of the Plaintiff at the behest of defendants[] [Willowbrook], Uncle Dave's Housing, Wohlman, Edelman, Frank, and Tom[.]" (Complaint at 24.)  According to Plaintiff,

> Defendant deputies Nowotny and Mejia were on the scene at each step of the landlords, agents, and owner's request.  Moreover, defendant deputies Nowotny and Mejia actively intervened – they privately approached the Plaintiff and demanded that he leave the property.  The actions of defendant deputies Nowotny and Mejia created an appearance that the sheriff deputies sanctioned the eviction.

(Complaint at 25.)

The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend XIV.  Procedural due process claims are examined under a two-part analysis.  First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment.  Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened notions of due process.  See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989).  "Property interests are not created by the Constitution[.]"  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985).  Instead, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" Id. (internal quotation marks, ellipsis, and citation omitted).

Here, Plaintiff alleges that, "[p]rior to vacating the [premises,] the Plaintiff contacted [the] Los Angeles County Department of Regional Planning . . . because defendants[] [Willowbrook], Wohlman, Frank, and Tom . . . established [a boarding house] without an approved conditional use permit[.]" (Complaint at 16.)  The Complaint further alleges that, on January 19, 2012, the Los Angeles County Department of Regional Planning issued a Notice of Violation indicating that an inspection of the premises disclosed the following violation: "A boarding house has been established without an approved conditional use permit from Regional Planning[.]" (Complaint at 16, Exh. D (indicating establishment of a boarding house is not a permitted use in "zone R3" that is "in violation of the provisions of the Los Angeles County Zoning Ordinance").)  Plaintiff's Complaint alleges, therefore, that his purported leasehold was created in violation of state county zoning laws.  Because Plaintiff alleges that his purported leasehold was created in violation of state law, his due process claim must fail.  See, e.g., Valdez v. Town of Brookhaven, 2005 WL 3454708, at *8-*10 (E.D.N.Y. 2005) (holding that plaintiffs' due process claims for wrongful eviction "must fail" because plaintiffs' monthly rent payments created no valid property interest in a month-to-month tenancy where the purported leaseholds at issue were plainly in violation of zoning ordinances, and reasoning that "the Court cannot ignore the maxim that property interests, such as those asserted by Plaintiffs, are creatures of state law-and a cognizable property interest is the backbone of any procedural due process claim"); see also Thomas v. Cohen, 453 F.3d 657, 658-60, 663 (6th Cir. 2006) (no due process violation when officers evicted plaintiffs from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

transitional homeless shelter despite their protests that they were tenants who paid rent because plaintiffs lacked a protected property interest in the premises under state law).

Even if Plaintiff did not occupy the premises in violation of county zoning laws, Plaintiff does not allege facts showing he had a right to the exclusive possession of his unit, as required for the existence of a conventional relationship of landlord and tenant. "The absence of specified premises assigned for the exclusive occupancy of a particular person or persons with the capacity and right to exclude others from entering would seem to preclude the existence of anything resembling a conventional landlord-tenant relation." Martinez v. Sonoma-Cutrer Vineyards, 577 F.Supp. 451, 454 (C.D. Cal. 1983) (rejecting plaintiffs' § 1983 claim that they were deprived of a property interest without due process of law when they were evicted from their premises without the benefit of an unlawful detainer procedure because plaintiffs failed to establish the existence of a protected property interest in the case of "workers occupying bunks in a barracks remaining under the supervision and control of the employer through its foreman"). In sum, taking Plaintiff's allegations in the Complaint as true, the Court finds that Plaintiff does not establish the existence of a protected property interest.

Moreover, even if Plaintiff could show a protected property interest in the premises, Plaintiff does not allege facts sufficient to show Defendants acted under "color of state law" as required to support a § 1983 action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); West v. Atkins, 487 U.S. 42, 48 (1988). Evictions take place under color of state law when police are involved "every step" of the way. Howerton v. Gabica, 708 F.2d 380, 385 (9th Cir. 1983). Here, Plaintiff alleges that Defendants Nowotny and Mejia arrived on the scene and told Plaintiff to leave the premises after his possessions had been moved out of the premises. (Complaint at 18-20.) These facts do not set forth a plausible claim that the officers were part of the eviction process. See Howerton, 708 F.2d at 385; see, e.g., Anderson v. Lomas, 2011 WL 5190044, at*4 (N.D. Cal. 2011) (defendants could not be held liable under § 1983 for alleged wrongful eviction where the officer defendants arrived on the scene and told plaintiffs to leave the premises only after plaintiffs possessions were moved out and the locks were changed).

In sum, Plaintiff fails to state a cognizable procedural due process claim in relation to his allegations that he was wrongfully evicted from the premises without prior notice and a hearing.

### ii.   Seizure of Plaintiff's Property.

Plaintiff alleges that Defendants violated Plaintiff's Fourteenth Amendment right to procedural due process when they unlawfully seized Plaintiff's personal property without providing notice or a hearing before the deprivation occurred. (Complaint at 30-35.) As previously noted, Plaintiff alleges that, on January 8, 2012, he absented himself from the premises in the morning hours, and returned to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

find all of his property had been confiscated by Defendants Willowbrook, Uncle Dave's Housing, Edelman, Wohlman, Frank, and Tom. (Complaint at 18; see id. at 32 (explaining that Defendants Willowbrook, Uncle Dave's Housing, Wohlman, Edelman, Frank, and Tom "distrained [Plaintiff's] personal property in order to expedite the eviction of the Plaintiff from the property").) According to Plaintiff, Defendants Willowbrook, Uncle Dave's Housing, Edelman, Wohlman, Frank, and Tom "denied the Plaintiff access to his personal property until defendant deputies arrived[.]" (Complaint at 32 (stating further that "Defendant Wohlman and Edelman informed defendant deputies Nowotny and Mejia that it [sic] had defendants[] Tom and Frank store and lock the Plaintiff's personal property in their garage until the Plaintiff vacated from the [premises]").) Plaintiff alleges that Defendant Frank"handed the Plaintiff two black garbage trash bags which contained some, but not all of the Plaintiff's personal property." (Complaint at 33.) In particular, Plaintiff "was . . . unable to recover his umbrella, clothes, his Phantom Fusion power razor for shaving, Phantom Fusion power razor blades for shaving, shaving cream, brow tweezer, shoes, conditioner, and shampoo." (Complaint at 33.)

At the core of the due process clause is the right to notice and a hearing "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). "Ordinarily, due process of law requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978) (internal citation omitted). However, even assuming the property Defendants allegedly withheld from Plaintiff qualifies as "significant," and even if Plaintiff did not receive due process prior to the seizure of these items, Plaintiff's allegations are insufficient to support a § 1983 action because he does not show Defendants acted under "color of state law" in depriving him of his property. American Mfrs. Mut. Ins. Co., 526 U.S. at 49-50; West, 487 U.S. at 48. As previously noted, Plaintiff alleges that the Defendants Nowotny and Mejia arrived on the scene and instructed Plaintiff to leave the premises or risk arrest for trespassing after his personal effects had been withheld by Defendants Willowbrook, Uncle Dave's Housing, Edelman, Wohlman, Frank, and Tom. (Complaint at 18.) These facts do not set forth a plausible claim that the Sheriff's Deputies were part of the seizure of Plaintiff's property. Cf. Cochran v. Folger, 740 F.Supp.2d 923, 928, 933-34 (E.D. Ky. 2010) (finding violation of plaintiff's Fourteenth Amendment rights when "deputy sheriffs on site threatened to restrain and/or arrest anyone who attempted to interfere with the [landlord]'[s] procurement of [plaintiff]'s personal property") (emphasis added); see also Howerton, 708 F.2d at 385. Purely private conduct by Defendants Willowbrook, Uncle Dave's Housing, Edelman, Wohlman, Frank, and Tom, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975).

* * * *

Based on the foregoing, the Court concludes that the Complaint fails to allege a cognizable claim for violation of Plaintiff's Fourteenth Amendment due process rights. Plaintiff's Fourteenth Amendment due process claims are subject to dismissal.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

2. **Plaintiff's § 1983 Conspiracy Claim Is Subject to Dismissal For Failure To State A Claim.**

Because Plaintiff fails to state an underlying constitutional claim, his allegations are insufficient to state a claim for conspiracy. (See Complaint at 36-38); Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989) (no liability for conspiracy under section 1983 "unless there is an actual deprivation of civil rights"); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) ("plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right"); Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006) (while conspiracies may be actionable under § 1983, there must have been an actual deprivation of a right secured by the Constitution and laws); Cefalu v. Village of Elk Grove, 211 F.3d 416, 423 (7th Cir. 2000); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998).

In sum, Plaintiff's conspiracy claim is subject to dismissal.

3. **Plaintiff's Claims Under California Law Are Subject To Dismissal.**

Because Plaintiff fails to state a viable federal constitutional claim against Defendants, the Court may decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction" over state law claims where the court "has dismissed all claims over which it has original jurisdiction . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

Thus, Plaintiff's claims under California law are subject to dismissal.

**III.
Conclusion**

Based the foregoing, Plaintiff is ordered to show cause on or before June 11, 2014, why his Complaint should not be dismissed without leave to amend, with prejudice as to Plaintiff's federal constitutional claims and without prejudice as to Plaintiff's claims under state law. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (internal citation omitted). If Plaintiff still wishes to pursue this action, he shall have until June 11, 2014, to file a written response to this order to show cause.

Failure to comply with these requirements may result in a recommendation that the Complaint be dismissed without leave to amend for failure to state a federal constitutional claim on which relief may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1478-JAK (JEM) | Date | May 21, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Willowbrook Home, LLC, et al. | | |

be granted and/or a recommendation that this action be dismissed for failure to prosecute and to comply with a court order.

IT IS SO ORDERED.

cc: Parties

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | sa | |